# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

STEPHEN C. WICKLINE, et al.,

                Plaintiffs,

v.                                        CIVIL ACTION NO. 5:08-cv-00885

DUTCH RUN-MAYS DRAFT, LLC,

                Defendant.

## AMENDED MEMORANDUM OPINION AND REMAND ORDER[1]

Pending before the Court are Plaintiffs' Motion to Remand [Docket 6] and Defendant's Motion to Extend Time to Respond [Docket 8]. This case was originally filed in the Circuit Court of Greenbrier County, West Virginia, on May 22, 2008. Defendant removed the case to this Court on July 1, 2008, on the basis of diversity jurisdiction. Plaintiffs now allege that the amount-in-controversy requirement has not been met and seek a remand of the case back to the Circuit Court of Greenbrier County.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a dispute over an easement located on a tract of land in Greenbrier County, West Virginia. Plaintiffs, who own contiguous tracts of land adjacent to Defendant's land, allege that they and their predecessors-in-interest engaged in the open, continuous, and uninterrupted use of a roadway that traverses Defendant's servient tract and serves as the only means of ingress

---

[1] The original version of the following opinion was entered on January 16, 2009.

and egress from Plaintiffs' land. Plaintiffs further allege that Defendant has recently obstructed the roadway, blocking access to Plaintiffs' land "without regard for the rights of the adjacent and contiguous land owners' use of the roadways at issue." (Docket 1-4 at 16 ¶ 12.) Despite Plaintiffs' efforts to convince Defendant to remove the obstruction, Defendant has failed to comply and continues to block access to the road.

Plaintiffs filed the instant lawsuit seeking the issuance of a prescriptive easement and an injunction to prevent Defendant from blocking access to the road. Defendant filed a notice of removal pursuant to 28 U.S.C. § 1332(a) and (c), alleging that there is complete diversity between the parties and that the amount-in-controversy requirement is met because the diminution in value to its property will exceed $75,000.00 if the easement is granted. Plaintiffs filed their Motion to Remand [Docket 6] on July 21, 2008, and Defendant filed its Motion for Extension of Time [Docket 8] on July 28, 2008, seeking additional time to conduct discovery to prove the amount in controversy. The motions have been fully briefed, and the matter is now ripe for the Court's review.

## II. APPLICABLE LAW

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey*

*v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.*

Where a complaint does not request a specific amount of damages, courts may require a removing defendant to establish the jurisdictional amount. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994) (Faber, J.). "[I]n such circumstances, . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id.* When a case is originally filed in federal court, jurisdiction is proper where the parties are diverse "unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (internal quotation marks and alterations omitted). Where, however, "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.*

### III. ANALYSIS

In its Notice of Removal [Docket 1], Defendant cites to *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that the amount-in-controversy requirement is satisfied by a mere jurisdictional allegation. In *Ellenburg*, the Fourth Circuit held that "a removing party's notice of removal [may not be held to] a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Id.* at 200. In basing this decision on a comparison between 28 U.S.C. § 1446(a) (requiring "a short and plain statement of the grounds for

3

removal") and Rule 8(a) of the Federal Rules of Civil Procedure (requiring "a short and plain statement of the grounds for the court's jurisdiction"), Judge Niemeyer stated,

> [J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.

*Ellenburg*, 519 F.3d at 200 (citations omitted).

Here, Defendant alleges in its notice of removal that "[t]his Court has original jurisdiction . . . pursuant to 28 U.S.C. § 1332(a) and (c) [because] the amount in controversy exceeds $75,000.00, exclusive of interest and costs and the matter is between citizens of different states." (Docket 1 ¶ 4.) In their motion to remand, Plaintiffs do not contest the allegation that there is complete diversity. (Docket 7 at 2.) Rather, Plaintiffs merely assert that "[t]here is not one shred of evidence in the record to support respondent's contention that the value of its real estate will fall in excess of $75,000."[2] (*Id.*) Thus, it would appear at first glance that Defendant has satisfied its burden under *Ellenburg*.

The Court is aware of only one case that has examined this new rule, *Elliott v. Wal-Mart Stores, Inc.*, Civil Action No. 5:08CV30, 2008 WL 2544650 (N.D. W. Va. June 23, 2008). In *Elliott*, a plaintiff seeking to remand the case conceded diversity but challenged the removing defendants' proof of the amount in controversy. *Id.* at *1. The court noted the defendants' reliance

---

[2] The parties assume that the proper measure of damages in this case would be the diminution in value of Defendant's land if the Court finds that an easement exists. Although this is one way to calculate damages, it is not the only way. *Compare Akers v. Comm'r*, No. 14435-81, 1984 WL 15134 (T.C. Sept. 12, 1984) (calculating damages by using diminution in value), *with Mars. & Ne. Pipeline, L.L.C. v. 0.714 Acres of Land*, Civil Action No. 02–11054–GAO, 2007 WL 2461054 (D. Mass. Aug. 27, 2007) (calculating value by estimating rental price).

4

on *Ellenburg*, but concluded that *Ellenburg* did not "adopt[] a legal certainty standard to determine whether a defendant, in a removal case based upon diversity jurisdiction, has met its burden of proving the amount in controversy when subject matter jurisdiction is challenged." *Id.* at *2. After analyzing the record regarding potential damages, the court found that "the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum," and remanded the case. *Id.*

Based on the reasoning in *Elliott* and a careful reading of *Ellenburg*, it is clear that the Fourth Circuit did not change the analysis used to rule on a motion to remand. Rather, *Ellenburg* stands for the proposition that federal jurisdiction is properly pled when a removing defendant alleges that the parties are diverse and that the amount in controversy exceeds the jurisdictional limit. 519 F.3d at 200. That pleading standard applies in cases such as *Ellenburg* where a district court examines the sufficiency of the notice of removal *sua sponte* in search of a procedural defect.[3] Even if no *procedural* defect exists—i.e., the removing defendant has properly alleged diversity and the amount in controversy—*Ellenburg* does not foreclose the possibility that a district court may remand the case for lack of subject matter jurisdiction *sua sponte* or on a motion to remand based on *substantive* grounds. *Id.* Accordingly, although it has sufficiently *pled* jurisdiction, Defendant is nevertheless required to *show* by a preponderance of the evidence that jurisdiction in this Court is proper.

"In addressing the propriety of federal jurisdiction in a removal action, courts base their decision on the record existing at the time the petition for removal was filed." *McCoy v. Erie Ins.*

---

[3] In deciding *Ellenburg*, the Fourth Circuit carefully distinguished instances where a district court remands a case based on a procedural defect (such as *Ellenburg*) from instances where a district court remands a case based on lack of subject matter jurisdiction (such as the case at bar). 519 F.3d at 194.

*Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001) (Haden, C.J.).  As part of this decision, courts may consider, among other items, "evidence of any settlement demands made by the plaintiff *prior to removal*."  *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (Goodwin, J.) (citing *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997) (Staker, J.)) (emphasis added). Here, the record as it existed at the time of removal is entirely devoid of any evidence regarding the amount-in-controversy requirement.  The only reference to that requirement is Defendant's unsupported allegation that a judgment for Plaintiffs "will result in the diminution of the value of [Defendant's] property in an amount exceeding $75,000.00."  (Docket 1 ¶ 9).

In its response to the motion to remand, Defendant represents that on July 31, 2008, it offered Plaintiffs $100,000.00 to settle the case.  (Docket 10 at 2.)  Should Plaintiffs refuse to accept that offer, Defendant maintains, they would concede the amount in controversy because the refusal "would demonstrate that [Plaintiffs] reasonably value their claim at greater than $75,000."  (*Id.* at 3.)  The Court may not consider this evidence of settlement negotiations, however, because it was not in the record at the time the notice of removal was filed.  Moreover, the evidence is of an offer made by Defendant.  While such an offer may be probative of the value of the case, it is not a settlement demand by Plaintiffs (as required by *Sayre*), and to the extent that such an offer may be considered, it would certainly not be dispositive.[4]

Defendant further contends that, should the Court grant its motion for an extension of time to respond, it would "present expert testimony . . . indicating that the amount in controversy is satisfied."  (Docket 10 at 2.)  Again, Defendant misconstrues the applicable standard.  Such expert

---

[4] To the extent that settlement demands by plaintiffs are probative of the amount in controversy, it is recognized that "the weight to be given such demands is a matter of dispute among courts." *Sayre*, 32 F. Supp. 2d at 886 (citing *Watterson*, 14 F. Supp. 2d at 850).

6

testimony was not in the record at the time the case was removed and is therefore not properly before the Court in consideration of the motion to remand.

Reviewing the record at the time the notice of removal was filed, the Court finds no evidence regarding the amount-in-controversy requirement. Thus, Defendant has failed to meet its burden of showing by a preponderance of the evidence that the requirement has been met, and the Court is required to remand the case to the Circuit Court of Greenbrier County.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand [Docket 6] is **GRANTED** and Defendant's Motion to Extend Time to Respond [Docket 8] is **DENIED AS MOOT**. The case is hereby **REMANDED** to the Circuit Court of Greenbrier County, West Virginia, and Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Greenbrier County.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 2, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE